■ DONYEA BARNES, an Infant, by Her Mother and Natural Guardian, YVONNE BARNES, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [691 NYS2d 463] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about January 26, 1998, which denied plaintiffs' motion seeking, *inter alia*, to strike defendant New York City Housing Authority's third affirmative defense of failure to timely file a notice of claim, or in the alternative, deeming the notice of claim timely served upon defendant, and granted defendant's cross-motion to dismiss the complaint for failure to timely serve a notice of claim, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion granted to the extent of deeming plaintiffs' second notice of claim timely served, and the cross-motion denied.

The infant plaintiff was allegedly injured on August 14, 1996, when she fell in a playground owned by defendant. Plaintiffs claim the accident resulted from a missing piece of rubber matting that created a tripping hazard.

Thereafter, on November 8, 1996, plaintiffs served a notice of claim, which named defendant, upon the Corporation Counsel of the City of New York. This notice contained pictures of the accident site and showed the missing piece of matting. About the middle of December, 1996, the Corporation Counsel advised plaintiffs that the notice of claim should be re-served upon the defendant at its offices on Park Place. Accordingly, plaintiffs served a second, identical notice of claim upon defendant on January 10, 1997. Defendant's law department, however, subsequently advised plaintiffs that it was rejecting the notice on the ground that it was not served within 90 days of the incident as required by General Municipal Law § 50-e (1) (a). Plaintiffs then commenced this action.

By a notice of motion dated August 7, 1997, plaintiffs moved for an order striking defendant's affirmative defense relating to the late service of the notice of claim. Plaintiffs asserted that service of their first notice of claim upon the Corporation Counsel was statutorily authorized. Alternatively, plaintiffs sought an order deeming their second notice of claim to have been timely served nunc pro tunc. Defendant cross-moved for dismissal of the action. Supreme Court denied the motion, granted the cross-motion, and dismissed the complaint. We reverse.

In determining whether to permit service of a late notice of claim, General Municipal Law § 50-e (5) provides that the court shall consider, *inter alia*, whether the public corporation

acquired actual notice of the claim within 90 days after the claim arose or within a reasonable time thereafter, whether the claimant is an infant, whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits, as well as all other relevant facts and circumstances.

Here, the plaintiffs, one of whom is an infant, served defendant with the second notice of claim just 56 days after the statutory time period for making such service expired. Defendant, therefore, obtained actual notice of the accident within a reasonable time for purposes of the General Municipal Law (*see, Matter of Thornhill v New York City Hous. Auth.*, 232 AD2d 317; *Ayala v City of New York*, 189 AD2d 632).

Additionally, defendant fails to identify any meaningful prejudice emanating from the delayed service of the second notice of claim. This is particularly so since defendant has photographs of the location as it existed at the time of the accident. While defendant alleges that subsequent repair and replacement of the matting has made it impossible to investigate the claim, these repairs were not made until about two months after it was served with the second notice of claim. Thus, any limitations on the opportunity to investigate the location of the fall resulted from defendant's own dilatory conduct, not the delay in service of the notice of claim (*cf., Heiman v City of New York*, 85 AD2d 25, 30-31).

Finally, since we deem the plaintiffs' second notice of claim to have been timely served, we do not reach the issue of whether Public Housing Law § 157 (2), in juxtaposition with General Municipal Law § 50-e (3) (a), authorizes service of a notice of claim upon the Corporation Counsel, which, according to plaintiffs, is empowered to accept such service because it is "regularly engaged in representing" the New York City Housing Authority. Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.