■ In the Matter of VICTORIA RUFFINO, Appellant, v CITY OF NEW YORK et al., Respondents. [868 NYS2d 739]—

The petitioner commenced this proceeding for leave to serve a late notice of claim in connection with injuries she sustained when she tripped and fell over a wooden board affixed to the surface of a boardwalk which was under the jurisdiction of the respondent City of New York (hereinafter the City). The petitioner served a timely notice of claim upon the New York City Transit Authority (hereinafter the Transit Authority), among other public corporations. On September 20, 2006 the Transit Authority examined the petitioner pursuant to General Municipal Law § 50-h. On October 24, 2006 the petitioner commenced an action against the Transit Authority, among other entities. In February 2007 the Transit Authority commenced a third-party action against the City alleging that the City owned, operated, maintained, managed, and controlled the area of the boardwalk where the petitioner fell, and on March 8, 2007 apprised the petitioner that the City had jurisdiction over the area where she fell. The instant proceeding for leave to serve a late notice of claim upon the City was commenced by order to show cause dated April 10, 2007.

An error in serving the wrong governmental entity with a notice of claim may be excused if remedied promptly after discovery of the mistake (*see* General Municipal Law § 50-e [5]; *Matter of Wimberly v Southern Westchester BOCES [Board of Coop. Educ. Servs.]*, 51 AD3d 810, 811 [2008]; *Matter of McLean v Valley Stream Union Free School Dist. 30*, 48 AD3d 571, 572 [2008]; *Matter of Flynn v Town of Oyster Bay*, 256 AD2d 341 [1998]). The petitioner's attorney promptly commenced this proceeding after verifying that the wrong entities had been served. Furthermore, the petitioner demonstrated that the delay in serving the notice of claim did not substantially prejudice the City in maintaining its defense on the merits. The City repaired the subject piece of planking less than one month after the accident. Thus, due to its own actions, it would not have been able to investigate the site of this transitory defect any more effectively than it could have had it been timely served 90 days after the incident (*see Segreto v Town of Oyster Bay*, 66 AD2d 796 [1978]; *cf. Matter of Felice v Eastport/South Manor Cent. School*

*Dist.,* 50 AD3d 138, 152 [2008]; *Matter of Nieves v Girimonte,* 309 AD2d 753 [2003]).

Moreover, even though the subject wooden board had been removed and the underlying boardwalk repaired within one month after the accident, the petitioner took photographs of the defect on the day of the accident and returned to inspect and photograph the location approximately one month after the accident (*see Barnes v New York City Hous. Auth.,* 262 AD2d 46, 47 [1999]; *Lozada v City of New York,* 189 AD2d 726, 727 [1993]). Under these circumstances, the Supreme Court improvidently exercised its discretion in denying the petition (*see Matter of Flynn v Town of Oyster Bay,* 256 AD2d 341 [1998]; *Matter of Harris v Dormitory Auth. of State of N.Y.,* 168 AD2d 560 [1990]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.