■ In the Matter of Lynn Mounsey, Respondent, v City of New York, Respondent, and New York City Housing Authority, Appellant. [891 NYS2d 440]—

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim upon the appellant, New York City Housing Authority.

General Municipal Law § 50-e (5) requires the court to consider certain factors in determining whether to grant leave to serve a late notice of claim, including whether (1) the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in maintaining a defense on the merits (*see Matter of Wright v City of New York*, 66 AD3d 1037 [2009]; *Matter of Peterson v New York City Dept. of Envtl. Protection*, 66 AD3d 1027 [2009]; *Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 883 [2009]).

The appellant failed to sufficiently rebut the petitioner's proof that a copy of a "field report" prepared on the day of the subject accident by the New York City Police Department (hereinafter the NYPD) was distributed to the appellant's development manager. The field report was sufficient to provide the appellant with timely actual knowledge of the essential facts underlying the theory on which liability was predicated in the notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]; *Johnson v New York City Tr. Auth.*, 278 AD2d 83 [2000]; *Caselli v City of New York*, 105 AD2d 251, 256 [1984]). Furthermore, the petitioner showed that the delay did not substantially prejudice the appellant since, in addition to the field report, the NYPD prepared, on the day of the accident, a line-of-duty injury report, a witness's statement, and an aided report worksheet (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152-153; *Matter of Caridi v New York Convention Ctr. Operating Corp.*, 47 AD3d 526 [2008]; *Matter of Hursala v Seaford Middle School*, 46 AD3d 892, 893 [2007]; *Flynn v City of Long Beach*, 94 AD2d 713 [1983]). Moreover, the petitioner took photographs of the defective stairwell within 90 days after the accident (*see Matter of Ruffino v City of New York*, 57 AD3d 550, 552 [2008]; *Barnes v New York City Hous. Auth.*, 262 AD2d 46, 47 [1999]; *Lozada v City of New York*, 189 AD2d 726, 727 [1993]).

Finally, as there was actual notice and an absence of prejudice, the lack of a reasonable excuse does not bar the granting of leave to serve a late notice of claim upon the appellant (*see Matter of Rivera-Guallpa v County of Nassau*, 40 AD3d 1001, 1002 [2007]; *Montero v New York City Health & Hosps. Corp.*, 17 AD3d 550 [2005]; *Matter of Hendershot v Westchester Med. Ctr.*, 8 AD3d 381, 382 [2004]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.