■ In the Matter of SAMUEL R. COPLON et al., Appellants, v TOWN OF EASTCHESTER, Respondent. [919 NYS2d 199]—

On January 14, 2009, the decedent allegedly was injured when she slipped and fell on ice that was formed from water running out of a drain pipe onto a parking lot owned by the respondent, Town of Eastchester. About three months after the appointment of the estate's representatives, the petitioners sought leave to serve a late notice of claim on behalf of the decedent.

General Municipal Law § 50-e (5) requires the court to consider certain factors in determining whether to grant leave to serve a late notice of claim, including whether (1) the petitioner demonstrated a reasonable excuse for failing to serve

a timely notice of claim, (2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in maintaining a defense on the merits (*see Matter of Wright v City of New York*, 66 AD3d 1037 [2009]; *Matter of Peterson v New York City Dept. of Envtl. Protection*, 66 AD3d 1027 [2009]; *Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 883 [2009]).

Here, the Town acquired actual knowledge of the facts constituting the claim within 90 days after the incident. The incident report prepared by the Town's Police Department on the date of the accident detailed the nature and the alleged cause of the accident, and indicated that the Town's Highway Department responded to correct the icy condition (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 141 [2008]; *Matter of Mounsey v City of New York*, 68 AD3d 998, 999 [2009]; *Matter of LaMay v County of Oswego*, 49 AD3d 1351 [2008]; *Bazer v Town of Walworth*, 277 AD2d 994 [2000]; *Matter of Morgan v New York City Hous. Auth.*, 181 AD2d 890, 891 [1992]; *Caselli v City of New York*, 105 AD2d 251, 256 [1984]). Furthermore, the petitioners demonstrated that there was no prejudice to the Town by the four-month delay in making this application. The condition of the drain pipe was nontransitory and uninfluenced by the delay in making this application (*see Matter of Shapiro v County of Nassau*, 5 AD3d 690, 691 [2004]). While the petitioners failed to support their assertion that the decedent's failure to serve a timely notice of claim was due to her hospitalization (*see Matter of Papayannakos v Levittown Mem. Special Educ. Ctr.*, 38 AD3d 902 [2007]; *Matter of Welch v New York City Hous. Auth.*, 7 AD3d 805, 806 [2004]; *Robertson v New York City Hous. Auth.*, 237 AD2d 501, 502 [1997]), where, as here, there was actual notice and an absence of prejudice, the failure to establish a reasonable excuse does not bar the granting of leave to serve a late notice of claim (*see Matter of Billman v Town of Deerpark*, 73 AD3d 1039 [2010]; *Matter of Mounsey v City of New York*, 68 AD3d at 1000; *Matter of Speed v A. Holly Patterson Extended Care Facility*, 10 AD3d 400, 402 [2004]).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition for leave to serve a late a notice of claim on behalf of the decedent. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.