■ In the Matter of DENISE BILLMAN, Appellant-Respondent, v PORT JERVIS SCHOOL DISTRICT et al., Respondents-Appellants. [924 NYS2d 541]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Lubell, J.), dated February 12, 2010, as granted that branch of the motion of the Port Jervis School District which was to dismiss so much of the petition as was for leave to serve a late notice of claim with respect to a

claim against it to recover damages for personal injuries and denied that branch of the petition which was for leave to serve a late notice of claim with respect to a claim against the Port Jervis School District to recover damages for personal injuries, and the Port Jervis School District cross-appeals from so much of the same order and judgment as denied that branch of its motion which was to dismiss so much of the petition as was for leave to serve a late notice of claim with respect to a claim against it to recover damages for wrongful death and granted that branch of the petition which was for leave to serve a late notice of claim with respect to a claim against it to recover damages for wrongful death. The Town of Deer Park separately cross-appeals from the same order and judgment.

Ordered that the cross appeal by the Town of Deer Park is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order and judgment is reversed insofar as appealed from, on the law, and in the exercise of discretion, that branch of the motion of the Port Jervis School District which was to dismiss so much of the petition as was for leave to serve a late notice of claim with respect to a claim against it to recover damages for personal injuries is denied, and that branch of the petition which was for leave to serve a late notice of claim with respect to a claim against the Port Jervis School District to recover damages for personal injuries is granted; and it is further,

Ordered that the order and judgment is affirmed insofar as cross-appealed from by the Port Jervis School District; and it is further,

Ordered that one bill of costs is awarded to the petitioner, payable by the Port Jervis School District.

In the early hours of the morning of January 26, 2008, 15-year-old Lindsey Billman (hereinafter the decedent) climbed onto the roof of the Anna S. Kuhl Elementary School/Port Jervis High School Building. From the roof, the decedent fell through a skylight, causing her to sustain injuries that resulted in her death later that morning.

The decedent's parents, Denise Billman and Peter Billman, served a notice of claim dated February 18, 2008, upon the City of Port Jervis (hereinafter the City) and the Port Jervis School District (hereinafter the School District). The notice of claim alleged that milk crates from the school cafeteria outside of the school created an attractive nuisance upon which students and other teenagers would climb to ascend to the roof so that they could sit or skateboard on the roof. The notice of claim indicated

that the claimants Denise Billman and Peter Billman would be seeking to recover damages for "[p]ersonal injuries, and wrongful death to Lindsey Billman . . . and loss of services sustained by her parents . . . Denise Billman and Peter Billman." On June 2, 2008, limited letters of administration were issued to Denise Billman as fiduciary of the decedent's estate (hereinafter the Estate).

By summons dated June 30, 2008, and complaint verified July 1, 2008, Denise Billman, on behalf of the Estate, and Peter Billman commenced an action against the City and the School District to recover damages for personal injuries and wrongful death. In an order dated May 19, 2009, the Supreme Court, inter alia, granted that branch of the School District's cross motion which was to dismiss the complaint insofar as asserted by Denise Billman on behalf of the Estate, on the ground that no notice of claim had ever been filed on behalf of the Estate. The Supreme Court found that because the notice of claim dated February 18, 2008, was served before the limited letters of administration were issued, neither Denise Billman or Peter Billman had the standing or authority to serve that notice of claim on behalf of the Estate.

By notice of petition dated September 10, 2009, Denise Billman, as Administratrix of the Estate, commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim on the School District and the Town of Deer Park with respect to the claims alleging personal injuries and wrongful death. The Supreme Court, inter alia, granted that branch of the petition which was for leave to serve a late notice of claim with respect to the claim alleging wrongful death, but denied that branch of the petition which was to serve a late notice of claim with respect to the claim alleging personal injuries, finding that the claim for personal injuries was untimely, as more than one year and 90 days had passed since the happening of the event upon which the claim was based (*see* General Municipal Law § 50-i [1] [c]).

Contrary to the School District's contention, the Supreme Court providently exercised its discretion in granting the petitioner leave to serve a late notice of claim with respect to her claim against the School District to recover damages for wrongful death. The petitioner established that the School District acquired actual knowledge of the facts underlying the claim within 90 days or a reasonable time thereafter, and that the delay in serving the notice of claim would not substantially prejudice the School District in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nas-*

*sau County Med. Ctr.*, 6 NY3d 531, 535, 539 [2006]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]).

However, contrary to the determination of the Supreme Court, the claim to recover damages for personal injuries against the School District was not untimely. The one-year-and-90-day period contained in General Municipal Law § 50-i is a statute of limitations to which the tolling provision of CPLR 205 (a) applies, rather than a condition precedent to suit (*see Campbell v City of New York*, 4 NY3d 200, 201-202 [2005]). Pursuant to CPLR 205 (a), the petitioner was entitled to commence a new action within six months after the dismissal of the prior action on May 19, 2009. Accordingly, the petitioner is correct that the Supreme Court should not have denied that branch of the petition which was to serve a late notice of claim with respect to her cause of action against the School District to recover damages for personal injuries. Rather, that branch of the petition should have been granted, for the reasons stated by the Supreme Court in connection with the wrongful death claim. Covello, J.P., Chambers, Lott and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30310(U).]**