■ In the Matter of ELLEN SILBERMAN, Respondent, v CITY OF LONG BEACH, Appellant. [929 NYS2d 758]—

The Supreme Court providently exercised its discretion in granting the petition for leave to serve a late notice of claim. The petitioner served a notice of claim 1 day after the statutory 90-day period expired, and served an amended notice of claim more precisely identifying the location of her accident 12 days later. Under these circumstances, the appellant acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day period (*see Matter of Ambrico v Lynbrook Union Free School Dist.*, 71 AD3d 762, 763 [2010]; *Matter of Gelish v Dix Hills Water Dist.*, 58 AD3d 841, 842 [2009]; *Matter of Urgiles v New York City School Constr. Auth.*, 283 AD2d 434 [2001]). Moreover, the petitioner demonstrated that her short delay in serving her original and amended notices of claim would not substantially prejudice the appellant in maintaining its defense on the merits (*see Matter of Billman v Port Jervis School Dist.*, 84 AD3d 1367, 1369-1370

[2011]; *Matter of Ambrico v Lynbrook Union Free School Dist.*, 71 AD3d at 763-764; *Matter of Ruffino v City of New York*, 57 AD3d 550, 551-552 [2008]; *Bussey v City of New York*, 50 AD3d 938, 939 [2008]; *Barnes v New York City Hous. Auth.*, 262 AD2d 46, 47 [1999]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.