# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1172**
**CA 16-00597**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

GORDON J. KING AND BRENDA KING,
CLAIMANTS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

NIAGARA FALLS WATER AUTHORITY AND NIAGARA
FALLS WATER BOARD, RESPONDENTS-APPELLANTS.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR CLAIMANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered July 7, 2015. The order granted the application of claimants for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondents appeal from an order that granted claimants' application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). On April 18, 2014, Gordon J. King (claimant) allegedly sustained injuries after his motor vehicle struck a depression in a roadway in the City of Niagara Falls (City). Claimants filed a timely notice of claim against the City, among others, and thereafter commenced a negligence action against them. In February 2015, in response to a Freedom of Information Law request, the City provided claimants with a copy of a permit, issued February 26, 2014, for the replacement of a water line in the vicinity of the accident. The permit listed respondent Niagara Falls Water Board (Water Board) as the general contractor on the project. On April 17, 2015, claimants applied for leave to serve a late notice of claim upon respondents.

Contrary to respondents' contention, Supreme Court did not abuse its discretion in granting claimants' application. The decision whether to grant such an application requires the court to consider several factors, none of which is determinative (*see* General Municipal Law § 50-e [5]; *Dalton v Akron Cent. Schs.*, 107 AD3d 1517, 1518, *affd* 22 NY3d 1000). "The three main factors are 'whether the claimant has shown a reasonable excuse for the delay, whether the [governmental entity] had actual knowledge of the facts surrounding the claim within

90 days of its accrual, and whether the delay would cause substantial prejudice to the [governmental entity]' " (*Dalton*, 107 AD3d at 1518; *see generally* § 50-e [5]).  An "[e]rror concerning the identity of the governmental entity to be served" can constitute a reasonable excuse for the delay "provided that a prompt application for relief is made after discovery of the error" (*Matter of Farrell v City of New York*, 191 AD2d 698, 699; *see Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1305, *lv denied* 2 NY3d 704).  "The court is vested with broad discretion to grant or deny the application" (*Wetzel Servs. Corp. v Town of Amherst*, 207 AD2d 965, 965) and, "absent a clear abuse of the . . . court's broad discretion, the 'determination of an application for leave to serve a late notice of claim will not be disturbed' " (*Matter of Hubbard v County of Madison*, 71 AD3d 1313, 1315; *see Dalton*, 107 AD3d at 1518).

Here, claimants demonstrated a reasonable excuse for the delay inasmuch as they served a timely notice of claim upon the City, and then promptly applied for leave to serve a late notice of claim upon respondents after discovering respondents' alleged involvement in causing claimant's injuries (*see Matter of Ruffino v City of New York*, 57 AD3d 550, 551; *cf. Santana*, 2 AD3d at 1305).  Furthermore, although respondents lacked actual knowledge of claimant's injuries, respondents have " 'made no particularized or persuasive showing that the delay caused [them] substantial prejudice' " (*Shaul v Hamburg Cent. Sch. Dist.*, 128 AD3d 1389, 1389).  Indeed, we note that the Water Board was the general contractor for the construction project that allegedly created the defect in the roadway, and thus respondents' ability to investigate the facts underlying the claim is furthered by their possession of documents and other information related to the construction project.  Under the particular circumstances of this case, we cannot conclude that there was a clear abuse of the court's broad discretion (*see generally Dalton*, 107 AD3d at 1518).

Entered:  February 3, 2017                              Frances E. Cafarell
                                                        Clerk of the Court