■ In the Matter of Sherman B. Kerner, as Administrator of the Estate of Oscar Rene Escalante Carpio, Also Known as Oscar Rene Escalante, Deceased, Appellant, v County of Nassau et al., Respondents. [57 NYS3d 173]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Mahon, J.), entered August 10, 2015, which denied the petition, and (2) an order of the same court entered February 26, 2016, which denied his motion for leave to renew his petition, incorrectly treated as one for leave to reargue.

Ordered that the order entered February 26, 2016, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the petitioner's motion which was for leave to renew that branch of the petition which was for leave to serve a late notice of claim upon the County of Nassau with respect to a claim alleging wrongful death, and substituting therefor a provision granting that branch of the motion, and, upon renewal, so much of the order entered August 10, 2015, as denied that branch of the petition which was for leave to serve a late notice of claim upon the County of Nassau with respect to a claim alleging wrongful death is vacated, and that branch of the petition is granted; as so modified, the order entered February 26, 2016, is affirmed; and it is further,

Ordered that the appeal from so much of the order entered August 10, 2015, as denied that branch of the petition which was for leave to serve a late notice of claim on the County of Nassau is dismissed as academic, in light of our determination on the appeal from the order entered February 26, 2016; and it is further,

Ordered that the order entered August 10, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the petitioner payable by the County of Nassau, and one bill of costs is awarded to the Town of Hempstead and the Village of Hempstead payable by the petitioner.

On April 10, 2013, the petitioner's decedent, Oscar Rene Escalante Carpio, was fatally injured when he fell out of the rear bed of a dump truck after the truck allegedly hit a bump in a roadway. Carpio died the next day. On August 18, 2014, the petitioner was appointed administrator of Carpio's estate. By order to show cause dated January 28, 2015, the petitioner sought leave to serve a late notice of claim upon the respondents County of Nassau, Town of Hempstead, and Village of Hempstead. The petition was supported by, inter alia, a police accident report prepared by a police officer of the Hempstead

Police Department and a Nassau County Police Department (hereinafter NCPD) case report. In his reply papers, the petitioner attached a copy of a Hempstead Police Department (hereinafter HPD) case report. After the petitioner submitted his reply papers, the County submitted further papers in opposition, which included the HPD case report, the NCPD case report, photographs taken at the time of the accident, and a witness statement. The Supreme Court denied the petition on the ground that the petitioner failed to rebut the respondents' claims of prejudice due to the passage of time since the accident.

By notice of motion dated November 2, 2015, the petitioner sought leave to renew his petition. The motion was supported by a letter from the County's Department of Public Works with attached work order summary reports. The Supreme Court treated the petitioner's motion for leave to renew as one for leave to reargue, and denied the motion.

In determining whether to grant leave to serve a late notice of claim, the court must consider several factors, including, most importantly, "whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one [within 90 days after the claim arose] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]; *see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). In the context of a claim alleging wrongful death, the issue regarding actual knowledge is whether the respondents acquired actual knowledge of the facts constituting the claim within 90 days after the appointment of a representative of the decedent's estate (*see* General Municipal Law § 50-e [1] [a]; [5]; *Se Dae Yang v New York City Health & Hosps. Corp.*, 140 AD3d 1051, 1052 [2016]). Other factors include whether the claimant provided a reasonable excuse for the failure to timely serve a notice of claim, and whether the delay substantially prejudiced the respondents in defending the claim on the merits (*see* General Municipal Law § 50-e [1], [5]; *Matter of Billman v Port Jervis School Dist.*, 84 AD3d 1367, 1369 [2011]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147). A petitioner's lack of a reasonable excuse for the delay in serving a timely notice of claim is not necessarily fatal when weighed against other relevant factors (*see Matter of Kumar v City of New York*, 52 AD3d 517, 518 [2008]; *Jordan v City of New York*, 41 AD3d 658, 660 [2007]; *Matter of Johnson v City of New York*, 302 AD2d 463 [2003]).

The Supreme Court erred in treating the petitioner's motion for leave to renew as one for leave to reargue. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). The petitioner's motion for leave to renew was based upon new facts contained in the work order summary reports and the letter of the Department of Public Works, which were not presented with the petition because they were provided by the County after the petition was fully submitted (*see Matter of Olsen v County of Nassau*, 14 AD3d 706, 707 [2005]). Accordingly, the petitioner provided a reasonable justification for failing to present those facts initially. Moreover, the work order summary reports served as the basis for the petitioner's demonstration that the County had timely, actual knowledge of the facts constituting the claim and that the County would not be prejudiced by the delay in serving the notice of claim. Thus, that branch of the petitioner's motion which was for leave to renew that branch of the petition which was for leave to serve a late notice of claim on the County with respect to the wrongful death claim should have been granted since the new facts offered on the motion "would change the prior determination" (CPLR 2221 [e] [2]).

Upon renewal, that branch of the petition which was for leave to serve a late notice of claim on the County with respect to the claim alleging wrongful death should have been granted. The County acquired actual knowledge of the essential facts constituting the claim before a representative of the estate was appointed. The NCPD conducted an investigation, took photographs of, inter alia, the subject roadway condition, obtained a statement from the driver of the truck, and prepared a case report that detailed the nature and the alleged cause of the accident. In addition, in January 2013, the County's road maintenance department repaired pot holes on the road where the accident occurred, and completed resurfacing the road in 2014 (*see Matter of Coplon v Town of Eastchester*, 82 AD3d 1095, 1096 [2011]; *Matter of Mounsey v City of New York*, 68 AD3d 998, 999 [2009]; *Bazer v Town of Walworth*, 277 AD2d 994 [2000]; *Matter of Harrison v New York City Hous. Auth.*, 188 AD2d 367 [1992]; *Matter of Morgan v New York City Hous. Auth.*, 181 AD2d 890, 891 [1992]; *Caselli v City of New York*, 105 AD2d 251, 256 [1984]; *Flynn v City of Long Beach*, 94 AD2d 713 [1983]). Inasmuch as the County acquired timely, actual knowledge of the essential facts of the claim and actually conducted an investigation, the petitioner made an initial

showing that the County was not prejudiced by his delay in serving a notice of claim (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]). The County claims that it will nonetheless be prejudiced by the delay because the roadway where the accident occurred has been repaved and because it will be unable to locate witnesses. The County, however, had recognized the need for repairs of the roadway before the petitioner was appointed as administrator, and it issued work orders to repair the roadway only a few days after the petitioner was appointed. Thus, any prejudice resulting from the changed condition of the road was not caused by the petitioner's delay in serving a notice of claim (*see Matter of Ruffino v City of New York*, 57 AD3d 550, 551 [2008]; *Segreto v Town of Oyster Bay*, 66 AD2d 796 [1978]). In any event, the County took photographs of the defect and inspected the location after the accident (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 466; *Matter of Mounsey v City of New York*, 68 AD3d at 999; *Matter of Ruffino v City of New York*, 57 AD3d at 552; *Barnes v New York City Hous. Auth.*, 262 AD2d 46, 47 [1999]; *Lozada v City of New York*, 189 AD2d 726, 727 [1993]). The County also failed to make a showing that any of the witnesses are unavailable. Thus, the County failed to respond to the petitioner's initial showing as to lack of prejudice with a particularized showing that the petitioner's delay in serving a notice of claim will prejudice it in its defense on the merits (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 467).

The Supreme Court, however, properly denied those branches of the petition which were for leave to serve a late notice of claim on the Town and the Village and properly denied those branches of the motion which were for leave to renew those branches of the petition. Neither the Town nor the Village had actual notice of the facts constituting the claim, and the petitioner has not made any showing that the Town and the Village would not be prejudiced by his delay in serving a notice of claim (*see id.*; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147). Moreover, the new facts that the petitioner proffered on his motion for leave to renew would not have changed the result with respect to either the Town or the Village (*see Bertolotti v Town of Islip*, 140 AD3d 907, 908 [2016]; *Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852, 852-853 [2012]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.