Matter of Mangino v Town of Mamaroneck (2018 NY Slip Op 02625)





Matter of Mangino v Town of Mamaroneck


2018 NY Slip Op 02625


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-11807
 (Index No. 63043/16)

[*1]In the Matter of Michele Mangino, etc., respondent,
v
Town of Mamaroneck, et al., appellants.


O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for appellants.
Dalli & Marino, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the Town of Mamaroneck and the Town of Mamaroneck Ambulance District appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated October 26, 2016. The order granted the petition.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
On July 20, 2015, the petitioner's decedent, Rudolfo Mangino, was transported by ambulance from the nursing home in which he resided to a hospital, where he was treated and pronounced dead on the same day. The ambulance was operated by the Town of Mamaroneck and the Town of Mamaroneck Ambulance District (hereinafter together the appellants). On July 28, 2015, the petitioner retained counsel to investigate her complaints and to commence an action against the nursing home, if deemed appropriate. On May 26, 2016, the petitioner was appointed administrator of Mangino's estate. A summons and complaint dated June 30, 2016, alleged causes of action sounding in negligence, medical malpractice, and violations of Public Health Law § 2801-d against the nursing home. By order to show cause and petition dated September 27, 2016, the petitioner sought leave to serve the appellants with a late notice of claim to commence an action to recover damages for personal injuries, conscious pain and suffering, mental anguish, and wrongful death. The Supreme Court granted the petition.
In determining whether to grant leave to serve a late notice of claim, the court must consider several factors, including, most importantly, whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one [within 90 days after the claim arose] or within a reasonable time thereafter" (General Municipal Law § 50-e[5]; see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147). In the context of a claim alleging wrongful death, the issue regarding actual knowledge is whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days after the appointment of a representative of the decedent's estate (see General Municipal Law § 50-e[1][a]; [5]; Matter of Kerner v County of Nassau, 150 AD3d 1234, 1236; Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052). Other factors include whether the petitioner provided a reasonable excuse for the failure to serve a timely notice of claim, the claimant died before the time limited for service of the notice of claim, and the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits (see General Municipal Law § 50-e[5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535, 539; Matter of Billman v Port Jervis School Dist., 84 AD3d 1367, 1369; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 147, 150; Centelles v New York City Health & Hosps. Corp., 84 AD2d 826, 826-827).
The petitioner failed to provide a reasonable excuse for her failure to serve a timely notice of claim. The failure of the petitioner and her attorneys to review the medical records and ascertain a claim against the appellants in a timely manner is not an acceptable excuse (see Kelly v City of New York, 153 AD3d 1388; Matter of Maggio v City of New York, 137 AD3d 1282, 1283; Matter of Placido v County of Orange, 112 AD3d 722, 723-724; Matter of Moore v New York City Hous. Auth., 89 AD3d 1088).
Furthermore, the petitioner failed to submit evidence establishing that the appellants acquired actual knowledge of the facts constituting the claims within 90 days or a reasonable time thereafter. The petitioner provided no records or documentation in support of the petition demonstrating such actual knowledge on the part of the appellants (see Matter of Ruiz v City of New York, 154 AD3d 945, 946; Matter of Hamilton v City of New York, 145 AD3d 784; Matter of Rivera v City of New York, 88 AD3d 1004, 1005). The notice of claim was served on the appellants together with the petition more than 1 month after the 90-day statutory period applicable to the wrongful death claim had elapsed and 11 months after the 90-day statutory period applicable to the remaining claims had elapsed. This service occurred too late to provide the appellants with actual knowledge of the essential facts constituting the claims within a reasonable time after the expiration of the applicable statutory period (see Matter of Murray v Village of Malverne, 118 AD3d 798, 799; Matter of Sanchez v City of New York, 116 AD3d 703, 704; Matter of Valila v Town of Hempstead, 107 AD3d 813, 815).
Inasmuch as the petitioner failed to present any evidence or plausible argument that the appellants have not been substantially prejudiced by the delay, the appellants never became required to make "a particularized evidentiary showing" that they were substantially prejudiced (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467; see Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048).
Accordingly, the petition should have been denied and the proceeding dismissed.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court