Matter of Tejada v City of New York (2018 NY Slip Op 03370)





Matter of Tejada v City of New York


2018 NY Slip Op 03370


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-06950
 (Index No. 13734/15)

[*1]In the Matter of Marta Tejada, appellant, 
v
City of New York, et al., respondents.


Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg and Daniel Matza-Brown of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the petitioner, Marta Tejada, appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 14, 2016, which denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
On June 3, 2015, the petitioner, Marta Tejada, allegedly was injured when a vehicle operated by Sara Cedeno crossed over a divider in the roadway and entered the opposite lane, in which the petitioner was driving her vehicle, resulting in the collision of the vehicles. In her timely notice of claim dated August 6, 2015, Cedeno alleged that "the left front tire of her vehicle went over a half open, half closed manhole cover which caused her [vehicle] to pitch wildly out of her control and caused her to travel across the median and into oncoming traffic where her motor vehicle was permanently disabled across the roadway such that a car approaching from the rear T-boned' her vehicle." The police accident report noted statements of Cedeno and of a witness to the accident that Cedeno swerved "to avoid an open manhole, causing her to go across the median," where she was "rear ended" by the petitioner's vehicle. The report indicated that both Cedeno and the petitioner were injured and taken to a hospital.
The petitioner filed a notice of claim with the City of New York on November 12, 2015. By order to show cause dated January 11, 2016, the petitioner sought to deem her late notice of claim previously served upon the City to have been timely served nunc pro tunc. The petition was supported by, inter alia, the police accident report, work orders from the New York City Department of Environmental Protection, and Cedeno's notice of claim. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In determining whether to deem a late notice of claim timely served nunc pro tunc, the court must consider several factors, including whether the public corporation acquired actual [*2]knowledge of the essential facts constituting the claim within 90 days after the claim accrued or within a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in maintaining its defense, and whether the claimant had a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim (see General Municipal Law § 50-e[5]; Matter of Shun Mao Ma v New York City Health & Hosps. Corp., 153 AD3d 529, 530; Matter of Devivo v Town of Carmel, 68 AD3d 991, 992; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 139).
While the presence or the absence of any one of the factors is not necessarily determinative (see Matter of Chambers v Nassau County Health Care Corp., 50 AD3d 1134), whether the public corporation had actual knowledge of the essential facts constituting the claim is of great importance (see Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 147). The public corporation must have "knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim," and not merely some general knowledge that a wrong has been committed (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148; see Matter of Devivo v Town of Carmel, 68 AD3d at 992; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832; Pappalardo v City of New York, 2 AD3d 699). A petitioner's lack of a reasonable excuse for the delay in serving a timely notice of claim is not necessarily fatal when weighed against other relevant factors (see Matter of Davis v County of Westchester, 78 AD3d 698, 699; Matter of Kumar v City of New York, 52 AD3d 517, 518; Jordan v City of New York, 41 AD3d 658, 660).
The petitioner, Tejada, demonstrated that the City acquired timely, actual knowledge of the essential facts constituting her claim by way of the timely notice of claim served upon it by Cedeno (see Matter of Jaffier v City of New York, 148 AD3d 1021, 1023; Matter of Joy v County of Suffolk, 89 AD3d 1025; Jordan v City of New York, 41 AD3d at 660; Matter of Alvarenga v Finlay, 225 AD2d 617; Matter of McAdams v Police Dept. of Town of Clarkstown, 184 AD2d 847, 848; Fenton v County of Dutchess, 148 AD2d 573). Cedeno's notice of claim specifically described the nature of the accident between Cedeno and the petitioner. Inasmuch as the City acquired timely, actual knowledge of the essential facts of the petitioner's claim, the petitioner made an initial showing that the City was not prejudiced by her delay in serving a notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466).
In opposition to the petitioner's initial showing, the City conclusorily asserted that it had been denied the opportunity to conduct a prompt and thorough investigation and that the knowledge of witnesses "may be forever destroyed by the lapse of time." The City's assertions were insufficient to rebut the petitioner's initial showing of lack of prejudice, as the City failed to come forward with particularized evidence showing that the late notice had substantially prejudiced its ability to defend the claim on the merits (see id. at 467-468). The City did not explain how an investigation of the petitioner's claim would be different in kind and nature to the investigation into Cedeno's claim. The City's remaining contentions with respect to its claim of substantial prejudice are either improperly raised for the first time on appeal or without merit (see Matter of Kerner v County of Nassau, 150 AD3d 1234, 1238; Shahid v City of New York, 144 AD3d 1127, 1129-1130; Matter of Ruffino v City of New York, 57 AD3d 550, 551; Segreto v Town of Oyster Bay, 66 AD2d 796).
Accordingly, the petition to deem the late notice of claim timely served nunc pro tunc should have been granted.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court