Matter of Messick v Greenwood Lake Union Free Sch. Dist. (2018 NY Slip Op 06244)





Matter of Messick v Greenwood Lake Union Free Sch. Dist.


2018 NY Slip Op 06244


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-01662
 (Index No. 4208/16)

[*1]In the Matter of Alice Messick, appellant,
v
Greenwood Lake Union Free School District, respondent.


Oster & Associates, P.C., Chester, NY (David L. Darwin of counsel), for appellant.
LaRose & LaRose, Poughkeepsie, NY (Keith V. LaRose of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Education Law § 3813 and General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated October 5, 2016. The order denied the petition.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
The petitioner alleged that, on December 6, 2015, after attending her grandson's basketball game at the Greenwood Lake Middle School, she tripped and fell over unsecured floor mats placed on the floor of the vestibule at the main entrance of the school. She was transported by ambulance to a hospital where she was diagnosed with a displaced fracture of her left femur, and underwent hip replacement surgery as well as an open reduction internal fixation of the left femur. On July 6, 2016, the petitioner commenced this proceeding pursuant to Education Law § 3813 and General Municipal Law § 50-e(5) for leave to serve a late notice of claim.
Pursuant to Education Law § 3813, a party seeking to commence an action against a school district for a claim "founded upon tort" must first serve a notice of claim "in compliance with section fifty-e of the general municipal law" (Education Law § 3813[2]). Pursuant to General Municipal Law § 50-e, a party seeking to sue a public corporation, which includes a school district, must serve a notice of claim on the prospective defendant "within ninety days after the claim arises" (General Municipal Law § 50-e[1][a]; see Matter of Newcomb v Middle Country Cent. School Dist., 28 NY3d 455, 460). Pursuant to General Municipal Law § 50-e(5), the court may, in its discretion, extend the time to serve a notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Kellman v Hauppauge Union Free Sch. Dist., 120 AD3d 634, 635-637). The Supreme Court must consider all relevant facts and circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Newcomb v Middle Country [*2]Cent. Sch. Dist., 28 NY3d at 460-461; Matter of Ruiz v City of New York, 154 AD3d 945, 948; see also Matter of Degraffe v New York City Tr. Auth., 160 AD3d 949). While the presence or absence of any factor is not determinative (see Bakioglu v Tornabene, 117 AD3d 658, 659; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026), whether the public corporation acquired timely, actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter is a factor which should be accorded great weight in determining whether to grant leave to serve a late notice of claim (see Matter of Degraffe v New York City Tr. Auth., 160 AD3d 949; Kellman v Hauppauge Union Free Sch. Dist., 120 AD3d at 635).
Here, although the petitioner's notice of claim was not served within 90 days of the accident, the respondent acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident (see Matter of Kerner v County of Nassau, 150 AD3d 1234, 1237; Matter of Grande v City of New York, 133 AD3d 752, 753; Claud v West Babylon Union Free Sch. Dist., 110 AD3d 663, 664; Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d 1009, 1010; Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 777). In fact, the respondent conducted an investigation into whether it was a proper defendant in a personal injury action. In addition, the petitioner made an initial showing that the respondent was not substantially prejudiced by the delay, since the respondent acquired timely, actual knowledge of the essential facts constituting the claim within the 90-day period, conducted an investigation, and notified its insurance carrier of the accident (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258; K.A. v Wappingers Cent. Sch. Dist., 151 AD3d 828, 832; Matter of Kerner v County of Nassau, 150 AD3d at 1237-1238; Matter of Cruz v City of New York, 149 AD3d 835, 836).
In opposition, the respondent failed to make a particularized evidentiary showing that it would be substantially prejudiced if the late notice was allowed (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). The respondent's contention that it was prejudiced because the particular mats over which the petitioner tripped had been replaced after the accident is without merit. The record shows that the respondent's Director of Facilities sent an email on the morning following the petitioner's accident in which he indicated that he was aware of the fact that the petitioner tripped over the mats in the vestibule. Contrary to the respondent's contention, any prejudice resulting from the replacement of the subject mats was due to the respondent's practice of changing the mats on a weekly basis rather than from the petitioner's delay in serving a notice of claim. Under these circumstances, the failure of the respondent to inspect the mats that were on the ground on the date of the petitioner's accident was not caused by the delay in serving a notice of claim (see Matter of Kerner v County of Nassau, 150 AD3d at 1238).
Finally, while the excuses proffered by the petitioner for her failure to file a timely notice of claim were not reasonable, the absence of a reasonable excuse is not in and of itself fatal to the petition where, as here, there was actual notice and an absence of prejudice (see Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d at 1010; Matter of McLeod v City of New York, 105 AD3d 744, 746).
Accordingly, the petition should have been granted.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court