Matter of Brooks v County of Suffolk (2019 NY Slip Op 08561)





Matter of Brooks v County of Suffolk


2019 NY Slip Op 08561


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-08563
2018-04121
 (Index No. 601746/17)

[*1]In the Matter of Norma Brooks, et al., appellants,
v
County of Suffolk, respondent.


Napoli Shkolnik, PLLC, New York, NY (Patrick J. Lanciotti, Paul J. Napoli, and Tate Kunkle of counsel), for appellants.
Dennis M. Brown, County Attorney, Hauppauge, NY (Susan A. Flynn and Danielle Carter of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve late notices of claim, the petitioners appeal from (1) an order of the Supreme Court, Suffolk County (James Hudson, J.), dated June 28, 2017, and (2) an order of the same court (William G. Ford, J.) dated February 1, 2018. The order dated June 28, 2017, denied the petition, with leave to renew. The order dated February 1, 2018, upon renewal, adhered to the determination in the order dated June 28, 2017, and, in effect, dismissed the proceeding.
ORDERED that the order dated February 1, 2018, is reversed, on the facts and in the exercise of discretion, upon renewal, the order dated June 28, 2017, is vacated, and the petition is granted; and it is further,
ORDERED that the appeal from the order dated June 28, 2017, is dismissed as academic in light of our determination on the appeal from the order dated February 1, 2018; and it is further,
ORDERED that one bill of costs is awarded to the petitioners.
In a news release dated July 22, 2016, the County of Suffolk advised the owners of properties with private wells in the areas in and around Westhampton Beach in Southampton, Suffolk County, that their well water may be contaminated by perfluorooctane sulfonate (hereinafter PFOS) emanating from the New York State Air National Guard Base at Gabreski Airport in Southampton. On October 5, 2016, the New York State Department of Environmental Conservation issued a public notice adding the Gabreski Air National Guard Base to the State Registry of Inactive Hazardous Waste Disposal Sites as "a Class 2 site that presents a significant threat to the public health and/or the environment." The public notice indicated that PFOS and perfluorooctanoic acid (hereinafter PFOA) had been "detected at elevated levels in on- and off-site goundwater and in off-site public and private drinking water wells."
On February 6, 2017, the petitioners commenced this proceeding seeking leave to [*2]serve nine late notices of claim upon the County. The notices of claim alleged that the petitioners were injured when their drinking well water was contaminated by PFOS and PFOA contained in a firefighting foam used at the Gabreski Airport, which was owned and operated by the County. By affirmation dated March 31, 2017, the County opposed the petition. In an order dated June 28, 2017, the Supreme Court denied the petition, finding that the petitioners failed to demonstrate a reasonable excuse for their failures to serve timely notices of claim and their delay in commencing this proceeding. The court denied the petition with leave to renew upon "adequate proof" with respect to a reasonable excuse. By order to show cause dated August 23, 2017, the petitioners renewed their petition for leave to serve late notices of claim upon the County. By affirmation dated September 19, 2017, the County opposed the renewed petition. In an order dated February 1, 2018, the court, upon renewal, adhered to the original determination denying the petition and, in effect, dismissed the proceeding. The petitioners appeal.
A court considering a petition for leave to serve a late notice of claim upon a public corporation must consider several factors, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it arose or within a reasonable time thereafter, whether the delay substantially prejudiced the public corporation in maintaining its defense, and whether the claimant provided a reasonable excuse for the failure to serve a timely notice of claim (see General Municipal Law § 50-e[5]; Matter of Messick v Greenwood Lake Union Free Sch. Dist., 164 AD3d 1448, 1450; Matter of Tejada v City of New York, 161 AD3d 876, 877; Matter of Kerner v County of Nassau, 150 AD3d 1234, 1236).
While the presence or the absence of any one of the factors is not necessarily determinative, "whether the public corporation acquired timely, actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter is a factor which should be accorded great weight in determining whether to grant leave to serve a late notice of claim" (Matter of Messick v Greenwood Lake Union Free Sch. Dist., 164 AD3d at 1450; see Matter of Tejada v City of New York, 161 AD3d at 877). "The public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim, and not merely some general knowledge that a wrong has been committed" (Matter of Tejada v City of New York, 161 AD3d at 877 [internal quotation marks omitted]; see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148).
Here, upon renewal, the petitioners demonstrated that they did not discover their injury until July 22, 2016, when the petitioners became aware of the contamination based on the County's news release advising of same, or within a reasonable time thereafter (CPLR 214-c). The County's news release, addressed to particular owners of properties with private wells in the areas in and around Westhampton Beach in Southampton, Suffolk County, shows that the County had knowledge, as of that date, that these property owners may have sustained injuries by reason of the contamination of their well water as the result of PFOS emanating from the New York State Air National Guard Base at Gabreski Airport in Southampton. Furthermore, on October 20, 2016, counsel for the petitioners filed 30 notices of claim against the County concerning contamination of the water, which notices of claim were substantially identical to the notices of claim at issue, and the County held in excess of 30 hearings pursuant to General Municipal Law § 50-h. In this circumstance, the County's alleged negligent ownership and operation of the Gabreski Airport site, resulting in contamination of the petitioners' water supply with toxic chemicals, constitute the essential facts of the claims, which are common to all the petitioners and were made known to the County by the prior notices of claim (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 149).
Inasmuch as the County acquired timely, actual knowledge of the essential facts of the petitioners' claims, the petitioners made an initial showing that the County was not prejudiced by their delay in serving the notices of claim (see Matter of Tejada v City of New York, 161 AD3d at 878; see also Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466). Moreover, the petitioners sought leave to serve late notices of claim only a little more than three months after the statutory period had expired (see General Municipal Law § 50-e). In opposition, the County failed to rebut the petitioners' showing that the County was not prejudiced by their delay [*3]with any particularized evidence (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). The County did no more than assert that the petitioners failed to meet their burden to show that the late notice would not substantially prejudice the County (see id. at 466).
"A petitioner's lack of a reasonable excuse for the delay in serving a timely notice of claim is not necessarily fatal when weighed against other relevant factors" (Matter of Tejada v City of New York, 161 AD3d at 877; see Matter of Messick v Greenwood Lake Union Free Sch. Dist., 164 AD3d at 1451). While the petitioners' assertions that they were not aware of the County's involvement in the cause of the incident does not constitute a reasonable excuse for their failure to file a timely notice of claim, the absence of a reasonable excuse "is not in and of itself fatal to the petition where, as here, there was actual notice and the absence of prejudice" (Matter of Messick v Greenwood Lake Union Free Sch. Dist., 164 AD3d at 1451; see Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d 1009, 1010).
Accordingly, upon renewal, the Supreme Court improvidently exercised its discretion in denying the petition.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court