Matter of Brown v New York City Hous. Auth. (2020 NY Slip Op 02467)





Matter of Brown v New York City Hous. Auth.


2020 NY Slip Op 02467


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-07542
 (Index No. 501198/18)

[*1]In the Matter of Helen Brown, respondent,
v
New York City Housing Authority, appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Andrew Borrok, J.), dated May 10, 2018. The order granted the petition.
ORDERED that the order is affirmed, with costs.
On August 23, 2017, the petitioner allegedly was injured when she tripped and fell on a defective step located in the lobby of a building owned by the New York City Housing Authority (hereinafter NYCHA). On October 6, 2017, the petitioner served the City of New York and attempted to serve NYCHA with a notice of claim together with photographs of the defective condition, taken two days after the accident, by delivering those documents both to the Comptroller of the City of New York and at 100 Church Street in Manhattan. On January 9, 2018, the petitioner served NYCHA with an amended notice of claim and photographs of the defective condition at its correct address at 250 Broadway in Manhattan. By order to show cause dated January 24, 2018, the petitioner sought leave to serve a late notice of claim upon NYCHA. In an order dated May 10, 2018, the Supreme Court granted the petition.
In determining whether a petitioner should be granted leave to serve a late notice of claim upon a public housing authority, the court should consider, as key factors, whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public housing authority acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or within a reasonable time thereafter, and whether the public housing authority will be substantially prejudiced by the delay in its defense on the merits (see General Municipal Law § 50-e[5]; Public Housing Law § 157[2]; Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885; Robb v New York City Hous. Auth., 71 AD2d 1000, 1001).
The Supreme Court providently exercised its discretion in granting the petition. The petitioner's error in serving NYCHA at the Comptroller's Office and at an incorrect address was an excusable error since the petitioner's attorney promptly re-served NYCHA at its correct address after discovery of the mistake and followed up by commencing this proceeding (see Matter of Ruffino v City of New York, 57 AD3d 550, 551; Simmons v New York City Hous. Auth., 161 AD2d 377; Robb v New York City Hous. Auth., 71 AD2d at 1001).
Furthermore, the petitioner met her initial burden of showing that NYCHA will not be substantially prejudiced by the late notice of claim, since the photographs taken by the petitioner depict the defect as it existed at the time of the accident (see Matter of Newcomb v Middle Country Sch. Dist., 28 NY3d 455, 466-467; Matter of Mounsey v City of New York, 68 AD3d 998, 999; Matter of Ruffino v City of New York, 57 AD3d at 552; Barnes v New York City Hous. Auth., 262 AD2d 46, 47). In response to this initial showing, NYCHA produced evidence that the subject defect had been repaired approximately two months after the accident. Therefore, due to its own actions, NYCHA would not have been able to investigate the site of this transitory defect any more effectively than it could have had it been timely served 90 days after the accident (see Matter of Ruffino v City of New York, 57 AD3d at 551; see also Matter of Kerner v County of Nassau, 150 AD3d 1234, 1238; Segreto v Town of Oyster Bay, 66 AD2d 796). Thus, NYCHA failed to rebut the petitioner's initial showing as to lack of prejudice with a particularized evidentiary showing that the petitioner's delay in serving a notice of claim will prejudice it in its defense on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; Matter of Levin v County of Westchester, 91 AD3d 646, 647).
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court