Matter of Shumway v Town of Hempstead (2020 NY Slip Op 05511)





Matter of Shumway v Town of Hempstead


2020 NY Slip Op 05511


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-14157
 (Index No. 606634/18)

[*1]In the Matter of Matthew S. Shumway, appellant,
v
Town of Hempstead, respondent.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Harris Beach PLLC, Uniondale, NY (Wayne Gladstone and Jack M. Martins of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered October 23, 2018. The order denied the petition.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly was injured on December 30, 2017, when he slipped and fell on ice in a parking lot owned by the Town of Hempstead. By order to show cause filed May 30, 2018, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the Town. The Supreme Court denied the petition, and the petitioner appeals.
In determining whether to grant leave to serve an untimely notice of claim, the court must consider all relevant circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539; Matter of City of New York v County of Nassau, 146 AD3d 948, 950).
Here, the petitioner failed to establish that the Town had actual knowledge of the essential facts constituting the claim within 90 days of its accrual, or within a reasonable time thereafter (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Matter of Bhargava v City of New York, 130 AD3d 819, 820-821; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791). The petitioner also failed to provide a reasonable excuse for his failure to serve a timely notice of claim (see Matter of Dell'Italia v Long Is. R.R. Corp., 31 AD3d 758, 759).
To establish lack of substantial prejudice, the petitioner must meet a threshold burden of presenting some evidence or plausible argument that supports a finding of no substantial prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460-461; Matter of Ruiz v City of New York, 154 AD3d 945, 947). Once this initial showing has been made, the respondent must respond "with a particularized evidentiary showing" that it will be substantially prejudiced if the late notice is allowed (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). Here, the petitioner presented a plausible argument that the late notice will not substantially prejudice the Town because the alleged icy condition was highly transitory such that the Town would have been in the same position regarding any investigation even if the notice of claim had been timely served (see Matter of Mercado v City of New York, 100 AD3d 445, 446; Matter of Caridi v New York Convention Ctr. Operating Corp., 47 AD3d 526, 526; Matter of Cox v City of Peekskill, 297 AD2d 735, 736; Rosenblatt v City of New York, 160 AD2d 927, 928).
In opposition, the Town failed to demonstrate that it has, in fact, been substantially prejudiced. Therefore, we disagree with the Supreme Court's determination that the Town would be substantially prejudiced if the petitioner were permitted to serve a late notice of claim.
Nevertheless, weighing all of the appropriate factors, the Supreme Court providently exercised its discretion in denying the petition (see Matter of Charles v County of Orange, 164 AD3d 1232, 1234; Matter of Ruiz v City of N.Y., 154 AD3d at 947).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court