Matter of Reddick v New York City Hous. Auth. (2020 NY Slip Op 06531)





Matter of Reddick v New York City Hous. Auth.


2020 NY Slip Op 06531


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-00670
 (Index No. 516818/17)

[*1]In the Matter of April Reddick, respondent,
v
New York City Housing Authority, appellant.


Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnick and Sharyn Rootenberg of counsel), for appellant.



DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated December 13, 2018. The order, insofar as appealed from, granted that branch of the petition which was to deem a late notice of claim timely served nunc pro tunc.
ORDERED that order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner was severely burned in her apartment. The petitioner commenced this proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served upon the New York City Housing Authority (hereinafter NYCHA) nunc pro tunc. In an order dated December 13, 2018, the Supreme Court, among other things, granted that branch of the petition which was to deem the late notice of claim timely served nunc pro tunc. NYCHA appeals.
"In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Nadler v City of New York, 166 AD3d 618, 619; see Matter of Weaver v City of New York, 138 AD3d 873, 874). "A petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc is addressed to the sound discretion of the court" (Matter of Nadler v City of New York, 166 AD3d at 620; see General Municipal Law § 50-e[5]). Here, considering all the relevant facts and circumstances, the Supreme Court providently exercised its discretion in granting that branch of the petition which was to deem the late notice of claim timely served nunc pro tunc (see Matter of Brown v New York City Hous. Auth., 182 AD3d 594; Matter of Hubbard v County of Madison, 71 AD3d 1313, 1315-1316). 
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court