Matter of Catania v City of New York (2020 NY Slip Op 06776)





Matter of Catania v City of New York


2020 NY Slip Op 06776


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-03050
 (Index No. 524580/18)

[*1]In the Matter of Vincenzo Catania, appellant,
v
City of New York, respondent.


Subin Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (John Moore and Tashmin Rahman of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 25, 2019. The order denied the petition.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
At approximately 10:30 p.m. on September 21, 2017, the petitioner, a New York City Sanitation Department (hereinafter DSNY) employee, sustained injuries when he tripped and fell on a public sidewalk while working in front of a residence in Brooklyn. A DSNY supervisor responded to the scene and promptly prepared an unusual occurrence report describing the location and circumstances of the line-of-duty injury and reciting that the petitioner "TRIPPED ON A RAISED PIECE OF SIDEWALK." On December 7, 2018, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the City of New York. The City opposed the petition. In an order dated January 25, 2019, the Supreme Court denied the petition, and the petitioner appeals.
Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against a municipal entity (see General Municipal Law § 50-e; Davidson v Bronx Mun. Hosp., 64 NY2d 59; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849). In determining whether to extend the time to serve a notice of claim, the court will consider whether, in particular, the municipal entity received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to timely serve a notice of claim, and whether the delay would substantially prejudice the municipal entity in its defense on the merits (see Matter of Miskin v City of New York, 175 AD3d 684; Matter of Cruz v City of New York, 149 AD3d 835). While no one factor is determinative (see J.B. v Singh, 172 AD3d 1291; Matter of Lawhorne v City of New York, 133 AD3d 856), the question of whether actual knowledge was timely acquired is [*2]considered to be the most important factor (see Matter of Miskin v City of New York, 175 AD3d at 685). A request for leave to serve a late notice of claim is addressed to the sound discretion of the court (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Matter of Grande v City of New York, 133 AD3d 752), keeping in mind that the statutory notice requirement is to be liberally construed (see Matter of D.S. v South Huntington Union Free Sch. Dist., 176 AD3d 1075, 1076).
Here, we agree with the Supreme Court that the petitioner failed to proffer a reasonable excuse for his delay, since his claims of ignorance and lack of awareness of the severity of his injuries were not supported by any medical evidence and were patently insufficient (see Matter of Maldonado v City of New York, 152 AD3d 522; Matter of Fethallah v New York City Police Dept., 150 AD3d 998; Matter of Lawhorne v City of New York, 133 AD3d at 857). However, the lack of a valid excuse for the delay is not necessarily fatal to a petition for leave to serve a late notice of claim where other factors militate in favor of granting the petition (see Williams v Nassau County Med. Ctr., 6 NY3d 531; Matter of Tejada v City of New York, 161 AD3d 876; Matter of Cruz v City of New York, 149 AD3d at 835).
We conclude that the balance of the statutory factors in this case warrants the granting of the petition. The unusual occurrence report prepared and filed shortly after the petitioner's accident provided the City with timely actual knowledge of the essential facts constituting the claim, since its specificity regarding the location and circumstances of the incident permitted the City to readily infer that a potentially actionable wrong had been committed (see Matter of Nieto v City of New York, 170 AD3d 1022; Matter of Cruz v City of New York, 149 AD3d at 836; Matter of Grande v City of New York, 133 AD3d at 753; Matter of Mounsey v City of New York, 68 AD3d 998).
Moreover, the City's acquisition of timely actual knowledge of the facts constituting the claim, along with the petitioner's submission of evidence indicating that the conditions at the accident scene remained unchanged, satisfied the petitioner's burden of presenting some evidence or plausible argument to support a finding of no substantial prejudice to the City in defending against the claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; J.B. v Singh, 172 AD3d at 1292; Matter of Nieto v City of New York, 170 AD3d at 1023-1024; Matter of Tejada v City of New York, 161 AD3d at 878), and the City failed to rebut this showing with particularized evidence of substantial prejudice. Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition for leave to serve a late notice of claim.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court