Grasse v State of New York (2024 NY Slip Op 03110)

Grasse v State of New York

2024 NY Slip Op 03110

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

CV-22-2270
[*1]Erik Grasse, Appellant,
v
State of New York, Respondent.

Calendar Date:April 29, 2024

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Feldman, Kleidman, Collins & Sappe LLP, Fishkill (Wayne M. Rubin of counsel), for appellant.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Lynch, J.
Appeal from an order of the Court of Claims (Catherine E. Leahy-Scott, J.), entered November 29, 2022, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.
On May 6, 2022, claimant was working as a delivery driver when he stepped into a pothole adjacent the curb on South Chestnut Street in the Village of New Paltz, Ulster County, while unloading a package from his van. He twisted his ankle and fell in the process, sustaining ligament damage. On July 21, 2022, claimant sent the Village a notice of claim seeking damages for his injuries, asserting that they were "due in whole or in part to the negligence of the Village" in allowing the depression to form and persist. By return letter dated August 17, 2022, the Village's insurance carrier advised that the road was not "owned, controlled, designed, built, or maintained by the Village."
On August 26, 2022, claimant moved pursuant to Court of Claims Act § 10 (6) for permission to file a late claim against defendant, annexing an attorney affirmation explaining the reason for the delay, maintaining that the claim had the appearance of merit and averring that defendant would not be prejudiced by granting the application. In a supporting affidavit, claimant set forth the facts underlying the claim and attached photographs of the accident scene taken on May 13, 2022. The Court of Claims denied the motion, finding that claimant's excuse for the delay was unreasonable, defendant would be prejudiced if the application was granted, the claim lacked the appearance of merit and claimant had another available remedy in the form of workers' compensation benefits. Claimant appeals.
"Pursuant to the Court of Claims Act, a claim or notice of intention to file a claim to recover damages for personal injuries caused by the negligence of an officer or employee of the State must be filed and served within 90 days after accrual of the cause of action" (Ross v State of New York, 217 AD3d 1225, 1225 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]; see Court of Claims Act § 10 [3]). "A claim accrues for purpose of the Court of Claims Act when damages are reasonably ascertainable" (Ross v State of New York, 217 AD3d at 1225 [internal quotation marks and citations omitted]). Claimant sought treatment for his injuries on the date of the accident and there is no dispute that the claim accrued on May 6, 2022. There is also no dispute that claimant failed to timely file and serve his notice of claim on defendant within the required 90 days.
Nevertheless, permission to file a late claim may be granted, in the discretion of the Court of Claims, "if a motion is made before the expiration of the statute of limitations applicable to an action against a private citizen" (Campos v State of New York, 139 AD3d 1276, 1278 [3d Dept 2016]) — in this case, three years after the claim accrued (see CPLR 214 [5]). "In determining whether to permit the filing of [*2]a [late] claim . . . , the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy" (Court of Claims Act § 10 [6]). The decision whether to grant such a motion "lies within the broad discretion of the Court of Claims and should not be disturbed absent a clear abuse of that discretion" (Calverly v State of New York, 187 AD3d 1426, 1427 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Barnes v State of New York, 158 AD3d 961, 962 [3d Dept 2018]).
On appeal, claimant's counsel openly acknowledges that the delay in filing the claim stemmed from a mistaken belief that the road was owned by the Village of New Paltz. Claimant asserts that, "even if not excusable," that oversight does not preclude the granting of his application. Considering all the factors set forth in Court of Claims Act § 10 (6), we agree. The delay here was minimal, with defendant having received notice approximately three weeks after the 90-day deadline lapsed (see Matter of Smith v State of New York, 63 AD3d 1524, 1524-1525 [3d Dept 2009]; Matter of Chatman v White Plains Hous. Auth., 101 AD2d 838, 839 [2d Dept 1984]). It is significant, as explained in claimant's sworn affidavit, that when he returned to the accident scene on May 13, 2022, he discovered that the pothole had been patched with blacktop, as shown in the photographs taken that day. Claimant further averred that the depression was "almost a foot wide and around ten feet long," specifying that it was "about three to four inches deep where [his] foot ended up." Given this postaccident development, claimant's attorney argued that "[w]hile [defendant] may not have obtained notice of the . . . accident within 90 days of its occurrence, it is highly likely that it had notice of the condition of the pavement that caused the accident as it patched it within a week of when the accident happened," emphasizing that defendant's "records should indicate precisely when it was patched as well as when the decision to patch it occurred and why."
In opposition, defendant took the position that it would "incur substantial prejudice" if claimant was permitted to file a late claim because it was "deprived of its ability to measure and photograph the alleged defect that caused the incident at bar." Defendant also pointed out that "[t]he proposed claim is devoid of any information regarding the size or shape of the alleged defect." Notably, defendant did not refute the proposition that its own Department of Transportation (hereinafter [*3]DOT) was the entity that undertook this repair.
A showing that late notice will not substantially prejudice defendant " 'need not be extensive' " (Schnier v New York State Thruway Auth., 205 AD3d 958, 959 [2d Dept 2022], quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]). Rather, a claimant need only present "some evidence or plausible argument that supports a finding of no substantial prejudice" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). Given the undisputed allegation that the depression was patched within a week of the accident — well before the 90-day deadline expired — defendant "would have been in the same position regarding any investigation even if the notice of claim had been timely served" within 90 days (Matter of Shumway v Town of Hempstead, 187 AD3d 758, 759 [2d Dept 2020]). Moreover, contrary to defendant's contention that it was "left to assume the precise location of where [claimant] fell," one of the photographs claimant submitted shows him pointing to the approximate spot where he fell. Tellingly, defendant did not address claimant's contention that records from DOT would indicate the date the depression was patched and the reason for doing so, nor did it refute the proposition that such records exist (see generally Cole v State of New York, 64 AD2d 1023, 1024 [4th Dept 1978] ["The State cannot use its own silence as a shield against an allegation that it has notice of essential facts constituting a claim"]).[FN1] In these circumstances, we conclude that claimant demonstrated that defendant would not be substantially prejudiced by the late notice and defendant did not adequately refute this showing.
As for the merits of the claim, defendant "owes the public a nondelegable duty to maintain its roadways in a reasonably safe condition" (Rockenstire v State of New York, 135 AD3d 1131, 1132 [3d Dept 2016]; see Friedman v State of New York, 67 NY2d 271, 283 [1986]; Feeney v State of New York, 222 AD3d 1235, 1236 [3d Dept 2023]). Defendant may be held liable for injuries caused by a hazardous roadway condition when it has actual or constructive notice of the condition but fails to take reasonable, timely measures to remedy the danger (see Schleede v State of New York, 170 AD3d 1400, 1401 [3d Dept 2019]; Rockenstire v State of New York, 135 AD3d at 1132). When entertaining a motion under Court of Claims Act § 10 (6), the question is whether the claim has the "appearance" of merit (Calverley v State of New York, 187 AD3d at 1427). "A claim has the appearance of merit so long as it is not patently groundless, frivolous or legally defective, and the record as a whole gives reasonable cause to believe that a valid cause of action exists" (id. [internal quotation marks, ellipses, brackets and citations omitted]). To hold defendant liable for his injuries, claimant will need to prove that defendant either created the condition itself by affirmative acts of negligence, or had actual or [*4]constructive notice of a dangerous condition and failed to remedy such condition, thereby causing claimant's injuries (see Roque v State of New York, 199 AD3d 1092, 1094 [3d Dept 2021]). Constructive notice exists where a depression in the roadway was "visible and apparent and existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Feeney v State of New York, 222 AD3d at 1236 [internal quotation marks, ellipsis, brackets and citation omitted]).
In finding that the proposed claim lacked merit, the Court of Claims noted that there are "no photographs presented depicting the alleged condition nor are there any measurements confirming the size of the alleged defect." The court's observation fails to account for the fact that the pothole was patched over just a week after the accident, a development that effectively prevented plaintiff from measuring and photographing the actual pothole. As noted above, plaintiff averred that the pothole was three to four inches deep where he fell. The patching and condition of the roadway depicted in the photographs supports the proposition that this was more that a de minimis defect and constituted a dangerous condition (see Feeney v State of New York, 222 AD3d at 1235-1236).
Moreover, the Court of Claims appears to have focused solely on the question of actual notice while ignoring the issue of constructive notice. The photographs depict a large patch in the road extending at least a few car lengths. The sheer size of the patch, along with the characteristics of the adjacent unpatched portion of the roadway, give rise to a reasonable inference that the roadway may have been deteriorating for some time and that the condition would have been visible and apparent. Accordingly, claimant has, at the very least, demonstrated the possibility that defendant had constructive notice of a dangerous condition and that the failure to remedy this condition was a cause of claimant's injuries. Without making any determination as to whether claimant will ultimately succeed in proving as much, we conclude that the claim is not "patently groundless, frivolous or legally defective" and has the appearance of merit (Calverley v State of New York, 187 AD3d at 1427 [internal quotation marks and citation omitted]). Finally, while we recognize that claimant received worker's compensation benefits covering medical expenses and a portion of his lost wages, that alternative partial remedy — which does not include compensation for pain and suffering — does not preclude granting his leave application (see Swart v State of New York, 211 AD3d 881, 883 [2d Dept 2022]).
On this record, we find that the Court of Claims' denial of claimant's application to file a late claim was an abuse of discretion (see Phillips v State of New York, 179 AD3d 1497, 1499-1500 [4th Dept 2020]; Matter of Lockwood v State of New York, 267 AD2d 832, 833 [3d Dept 1999]).
Garry, P.J., Egan Jr., Clark and Mackey[*5], JJ., concur.
ORDERED that the order is reversed, on the law and the facts, with costs, and claimant's application for permission to file a late claim is granted.

Footnotes

Footnote 1: Defendant argues that this case is distinguishable because the claimant in Cole produced evidence that defendant's employees were present at the scene when the accident occurred. Although no such allegation is made here, claimant expressly noted that DOT records might shed light on the reasoning behind this decision. We find it troubling that defendant, who is in the best position to access such records, is silent on this issue.