Matter of Ippolito v City of New York (2024 NY Slip Op 04265)

Matter of Ippolito v City of New York

2024 NY Slip Op 04265

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-08540
 (Index No. 151075/22)

[*1]In the Matter of Mariann Ippolito, respondent, 
v
City of New York, et al., appellants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Lorenzo Di Silvio of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the City of New York and the New York City Department of Transportation appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated September 8, 2022. The order granted the petition.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
On November 25, 2021, the petitioner, an employee of the New York City Transit Authority (hereinafter NYCTA), allegedly was injured when the bus she was operating came into contact with a pothole or depression in the road. In June 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the City of New York and the New York City Department of Transportation (hereinafter together the appellants). In an order dated September 8, 2022, the Supreme Court granted the petition. This appeal ensued.
"'Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a municipal entity'" (Matter of Poster v Incorporated Vil. of New Hyde Park, 208 AD3d 585, 586, quoting Matter of Bermudez v City of New York, 167 AD3d 733, 733-734). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Lang v County of Nassau, 210 AD3d 773, 774; see General Municipal Law § 50-e[5]; Matter of Salazar v City of New York, 212 AD3d 633, 634). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance" (Matter of C.N. v City of New York, 208 AD3d 784, 785; see I.N. v City of Yonkers, 203 AD3d 721, 723). "Although the 'lower courts have broad discretion to evaluate the factors,' a 'lower court's [*2]determinations must be supported by record evidence'" (Matter of Lang v County of Nassau, 210 AD3d at 774, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465).
Contrary to the petitioner's contention, the evidence submitted in support of the petition failed to establish that the appellants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Matter of Bermudez v City of New York, 167 AD3d at 734). "'Actual knowledge of the essential facts underlying the claim means knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves'" (I.N. v City of Yonkers, 203 AD3d at 723, quoting Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048 [internal quotation marks omitted]). "Unsubstantiated and conclusory assertions that the municipality acquired timely actual knowledge of the essential facts constituting the claim through the contents of reports and other documentation are insufficient" (Lobos v City of New York, 219 AD3d 720, 721-722).
Here, although the petitioner's submission of photographs and evidence that the defect was repaired after the accident may have demonstrated that the appellants had actual knowledge of the defect, actual knowledge of a defect is not tantamount to actual knowledge of the facts constituting the claim where, as here, the record did not establish that the appellants were aware of the petitioner's accident, her injuries, and the facts underlying her theory of liability (see Matter of Perez v City of New York, 175 AD3d 1534, 1535-1536; Matter of Bermudez v City of New York, 167 AD3d at 734). The petitioner's conclusory and unsubstantiated assertion that she reported the accident to an unidentified NYCTA dispatcher, who "took a formal report," without evidence of the content of the purported report, was insufficient to impute actual knowledge of the essential facts constituting the claim to the appellants (see Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 669; Matter of Bruzzese v City of New York, 34 AD3d 577, 578; cf. Matter of Catania v City of New York, 188 AD3d 1041, 1042-1043 [documented preparation of an "unusual occurrence report" providing "specificity regarding the location and circumstances of the incident permitted the City to readily infer that a potentially actionable wrong had been committed"]). Likewise, the petitioner's conclusory and unsubstantiated assertion that she went to the hospital for medical treatment after the accident was insufficient to impute actual knowledge of the essential facts constituting the claim to the appellants, as there is no indication in the record what, if any, injuries were observed at that time, or that the appellants were even aware that the petitioner went to the hospital. Further, the petitioner's conclusory assertion that the defect had been repaired when she returned to the scene of the accident approximately two weeks thereafter was insufficient to infer that the appellants had actual knowledge of the essential facts constituting the claim, as the record is devoid of any indication as to the reason for the repair and whether the repair had any connection to the petitioner's accident. Moreover, the proposed notice of claim submitted in support of the petition, which was served upon the appellants without leave of court approximately four months after the 90-day statutory period had expired, "was served too late to provide the [appellants] with actual knowledge of the essential facts constituting the claim within a reasonable time after the 90-day statutory period expired" (Matter of Lang v County of Nassau, 210 AD3d at 775; see Matter of Galicia v City of New York, 175 AD3d 681, 683).
Furthermore, the petitioner's conclusory assertion that she was not aware of the severity of her injuries until after the time to serve the notice of claim had passed, without any supporting medical documentation or evidence, was insufficient to constitute a reasonable excuse for her delay in serving a notice of claim (see Matter of Catania v City of New York, 188 AD3d at 1042-1043; Matter of R.N. v Village of New Sq., 164 AD3d 508, 510).
Finally, although the petitioner satisfied her initial burden of establishing a lack of substantial prejudice to the appellants, and the appellants failed to rebut that showing with particularized evidence of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467), the balancing of the actual knowledge and reasonable excuse factors weighed against permitting service of a late notice of claim (see Matter of R.M. v Board of Educ. of the Long Beach City Sch. Dist., 212 AD3d 812, 814-815; Matter of Grandberry v City of New York, 206 AD3d 654, 656; Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1215-1216; Matter of Johnson [*3]v County of Suffolk, 167 AD3d 742, 746).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition.
CHAMBERS, WOOTEN and WAN, JJ., concur.
BARROS, J.P., dissents, and votes to affirm the order, with the following memorandum:
A "decision to grant or deny an application for an extension [of time to serve a notice of claim pursuant to General Municipal Law § ] 50-e(5) is 'purely a discretionary one'" (Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 675, quoting Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265). The Court of Appeals recently reaffirmed this principle in Matter of Jaime v City of New York (41 NY3d 531). The decision to grant leave to serve a late notice of claim is not a ministerial act based upon an administrative checklist which would require a showing of lack of prejudice and, whatever the circumstances, a complete showing as to at least one other statutory factor which would support granting leave to serve a late notice of claim. In this case, there was a showing of lack of prejudice and an incomplete showing with respect to two statutory factors which would support granting leave to serve a late notice of claim.
My colleagues in the majority, in concluding that granting leave to serve a late notice of claim was an improvident exercise of discretion, gave no deference to the discretion of the Supreme Court and found that "the balancing" of those two factors "weighed against permitting service of a late notice of claim," citing cases where there was only vague evidence of the general condition which allegedly caused the accident and/or no evidence of a prompt investigation, and no excuse proffered for failure to serve a late notice of claim.
In the instant case, on the other hand, there was photographic evidence of the defect, documentary evidence of the accident, and evidence that the City of New York had knowledge of the defect, since it was repaired within the 90-day period, and the City does not deny that it effected that repair. Whatever prompted the repair is within the sole knowledge of the City. Further, a reasonable excuse was proffered for the delay, albeit insufficient evidence was proffered to support that excuse.
Although evidence of lack of prejudice, standing alone, may be insufficient, such as a case where a transient condition is alleged which would preclude an examination of the defect even if the notice of claim is timely (see Matter of Simpson v City of New York, 222 AD3d 986; Matter of Shumway v Town of Hempstead,187 AD3d 758), under the circumstances presented here, it cannot be said that granting leave to serve a late notice of claim was an improvident exercise of discretion.
On November 25, 2021, the petitioner, an employee of the New York City Transit Authority (hereinafter NYCTA), allegedly was injured when the NYCTA bus she was operating came into contact with a "pothole/depression" in the bus lane, causing the bus to "violently drop, and tilt and veer to the right." The day after the accident, an NYCTA dispatcher prepared a formal accident report, and the petitioner went to Staten Island University Hospital South because she was "physically unable to work" due to the injuries she sustained. Upon returning to the accident site two weeks later to take pictures of the subject pothole, the petitioner discovered that the pothole had been repaired.
On April 18, 2022, the petitioner underwent lumbar fusion surgery to repair damage to the lumbar region of her spine. She retained an attorney on May 16, 2022. On June 14, 2022, the petitioner commenced this proceeding for leave to serve a late notice of claim on the City and the New York City Department of Transportation (hereinafter DOT, and together with the City, the appellants). A proposed notice of claim, photographs obtained from Google Maps of the subject pothole, the petitioner's affidavit, and the petitioner's Freedom of Information Law request to DOT, requesting records with respect to repair of the pothole, were submitted in support of the petition. [*4]The proposed notice of claim alleged, inter alia, that the accident occurred when the petitioner was operating a bus which fell into the pothole and was caused by the appellants' negligence in failing to repair the defective condition in the roadway. The photographs from the accident site show a pothole circled in red in the bus lane. These photographs were taken by Google Maps in October 2021, approximately one month prior to the petitioner's accident.
The petitioner argued that the appellants would not be prejudiced by the late notice of claim because the pothole was repaired within two weeks after the petitioner's accident and, therefore, the appellants are in the same position now as they would have been had the notice been timely served. Moreover, the petitioner contended that the delay did not hinder the appellants' ability to investigate the circumstances surrounding the accident since the appellants were likely responsible for repairing the pothole and, therefore, the appellants possessed the relevant documents needed to investigate the accident. Furthermore, since the appellants likely repaired the pothole, the petitioner contended that the appellants had actual knowledge of the essential facts constituting her claim. Finally, the petitioner argued that she had a reasonable excuse for the delay in serving the notice of claim because she did not realize the extent or severity of her injuries until the time to serve the notice of claim had passed.
In opposition, the appellants contended that the petitioner failed to proffer a reasonable excuse for the delay since the petitioner did not offer any medical evidence or dates to support her excuse, and the fact that she attempted to take photographs of the accident site two weeks after her accident suggests that she anticipated the possibility of litigation. The appellants also argued that the petitioner failed to show that the appellants had actual knowledge of the essential facts constituting the claim because the petitioner failed to submit any documentation which would give notice of an actionable wrong committed by the appellants or that the petitioner had been injured as a result of the appellants' alleged negligence. Finally, the appellants contended that they would be substantially prejudiced by the petitioner's late notice of claim since the alleged defect no longer exists, and the appellants were unable to properly investigate the facts surrounding the accident while these facts "were still fresh."
The Supreme Court granted the petition. This appeal ensued.
In order to commence an action against a public corporation, a plaintiff must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). The requirement has its roots in sovereign immunity (see 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 491) and has been characterized as an "anachronistic extension" thereof (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 146 [internal quotation marks omitted]). However, notices of claim have a valid purpose of "'protect[ing] a public corporation against stale or unwarranted claims and to enable it to investigate the facts surrounding the occurrence on which the claim is based'" (id., quoting Mem of Law Rev Commn at 37, Bill Jacket, L 1976, ch 745; see Thomann v City of Rochester, 256 NY 165, 170; Matter of Annis v New York City Tr. Auth., 108 AD2d 643, 644; Rudolph v City of New York, 191 Misc 947, 949 [Sup Ct, NY County]).
In determining whether to grant or deny an application for an extension of time to serve a notice of claim pursuant to General Municipal Law § 50-e(5), the statute "compels consideration of all relevant facts and circumstances[, which] provides flexibility for the courts and requires them to exercise discretion" (Williams v Nassau County Med. Ctr., 6 NY3d 531, 539). "Since the statutory notice requirement 'is not intended to operate as a device to frustrate the rights of individuals with legitimate claims,' and because of its remedial nature, it 'should be liberally construed'" (Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885, quoting Matter of Porcaro v City of New York, 20 AD3d 357, 358). It "provides a 'nonexhaustive list of factors that the court should weigh'" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 461, quoting Williams v Nassau County Med. Ctr., 6 NY3d at 539).
Here, the Supreme Court found that the petitioner made the requisite showing of lack [*5]of prejudice and that the appellants failed to meet their burden of particularizing any evidence of substantial prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). There is no basis in this record to disturb the determination of lack of prejudice, which was supported by the nature of the defect, which presented an obvious hazard to vehicles traveling in the bus lane and was depicted in photographs (see Matter of Brown v New York City Hous. Auth., 182 AD3d 594). Thus, the discretionary determination of the court was supported by the evidence in the record (see Matter of Jaime v City of New York, 41 NY3d 531; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465).
Further, the petitioner presented some evidence as to a reasonable excuse for failing to serve a timely notice of claim as well as some evidence that the appellants had actual notice of the essential facts constituting the claim. The failure to make a complete showing as to those factors does not preclude the exercise of discretion to grant leave to serve a late notice of claim.
Contrary to the appellants' contention, the petitioner, in support of her assertion that there was a reasonable excuse for her delay based upon the fact that she initially was unaware of the seriousness of her injuries (see More v General Brown Cent. School Dist., 262 AD2d 1030), provided relevant dates, including the date of her surgery. However, her assertion that she had a reasonable excuse for her delay was not sufficiently supported, as no medical evidence was submitted (see Matter of Catania v City of New York, 188 AD3d 1041, 1042-1043).
Proof that the municipality had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter is an important factor in determining whether the municipality is substantially prejudiced by such a delay (see Williams v Nassau County Med. Ctr., 6 NY3d at 535, 539), since without actual knowledge of the facts constituting the claim, a municipality has "no reason to conduct a prompt investigation" (Matter of Grandberry v City of New York, 206 AD3d 654, 655). Thus, where there is no actual knowledge of the facts constituting the claim, a finding of prejudice is within the court's discretion (see Williams v Nassau County Med. Ctr., 6 NY3d at 539). However, actual knowledge of the essential facts constituting the claim is not a prerequisite to granting leave to serve a late notice of claim, and even in the absence of proof of knowledge of the essential facts constituting the claim, in the absence of prejudice, the petitioner still may be entitled to relief in the discretion of the court (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 464).
In any event, here, there was evidence that the appellants had actual knowledge of the essential facts constituting the claim. As noted by this Court in Matter of Felice v Eastport/South Manor Cent. School Dist. (50 AD3d at 147-148, quoting General Municipal Law § 50-e[5] [emphasis added; citations omitted]), "a public corporation's knowledge of the accident and the injury, without more, does not constitute 'actual knowledge of the essential facts constituting the claim,' at least where the incident and the injury do not necessarily occur only as the result of fault for which it may be liable." Here, on the other hand, the nature of the defect was such that the incident and the injury necessarily occurred as a result of fault for which the appellants may be liable—i.e., a pothole in the bus lane which presented an obvious hazard, from which one could infer that a "potentially actionable wrong had been committed" by the appellants (Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; see Matter of Catania v City of New York, 188 AD3d at 1042; Matter of Johnson v County of Suffolk, 167 AD3d 742, 746).
Actual knowledge of the defect generally is not tantamount to actual knowledge of the essential facts constituting the claim, if the appellants were not aware of the petitioner's accident, her injuries, and the facts underlying the theory of liability (see e.g. Matter of Bermudez v City of New York, 167 AD3d 733, 734). However, in this case, since the petitioner promptly reported the accident to her employer and promptly sought medical treatment, there is documentation of her injuries contemporaneous with those injuries, from which the appellants could reconstruct the circumstances of the accident.
Further, "[t]he relevant inquiry is whether the [municipality] had actual knowledge of the facts—as opposed to the legal theory—underlying the claim" (Williams v Nassau County Med. [*6]Ctr., 6 NY3d at 537). "Actual knowledge of the essential facts underlying the claim means 'knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves'" (Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148; see Matter of C.N. v City of New York, 208 AD3d 784, 785).
Further, since it appears that the appellants repaired the defect—and they never denied that they did so—they "could hardly have been prejudiced by any inability to investigate" (Matter of Licari v New York City Hous. Auth., 181 AD2d 558, 558; see Matter of Brown v New York City Hous. Auth., 182 AD3d 594; Matter of Battle v City of New York, 261 AD2d 614). Due to their own actions, they would not have been able to investigate the site any more effectively than they could have had they been timely served with a notice of claim within 90 days (see Matter of Brown v New York City Hous. Auth., 182 AD3d at 596).
Further, since the petitioner promptly reported the accident to her employer and promptly sought medical treatment, there is documentation of her injuries contemporaneous with those injuries, and little danger of an unwarranted or fraudulent claim.
Under all of the circumstances, there is no basis to conclude that the determination of the Supreme Court to grant the petition was an improvident exercise of discretion.
ENTER:
Darrell M. Joseph
Clerk of the Court