**Ortiz v New York City Hous. Auth.**

2024 NY Slip Op 34287(U)

December 3, 2024

Supreme Court, Kings County

Docket Number: Index No. 519457/2024

Judge: Kerry J. Ward

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Index Number ___519457/2024___
Seq. 001
Calendar No. 39

P R E S E N T:

HON. KERRY J. WARD,
A.J.S.C.

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

Part ___3___

**NYSCEF Docs. Numbered**
Notice of Motion/Order to Show Cause and Affidavits
Annexed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-10
Answering Affidavits . . . . . . . . . . . . . . . . . . . . 13___

ERROL ORTIZ,

Petitioner,

Replying Affidavits . . . . . . . . . . . . . . . . . . . . . . . ___
Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Var___
Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Var___

-against-

THE NEW YORK CITY HOUSING AUTHORITY,

Respondent.

Upon the papers before the Court, and having heard oral argument,

It is hereby ORDERED as follows:

Petitioner's motion for leave to serve and file a Late Notice of Claim against Respondent

pursuant to General Municipal Law § 50–e(5) is DENIED.

**Background and Procedural History**

Petitioner Ortiz moves for leave to serve and file a Late Notice of Claim against

Respondent The New York City Housing Authority (hereinafter, NYCHA). This is a claim to

recover damages for serious injuries sustained as a result of an accident which allegedly occurred

on November 7, 2023, at approximately 11:15AM, at a construction project at the Ingersoll

Houses located at 143-151 Navy Walk, Building 24, Brooklyn, New York. The premises is

owned by the Respondents. On the date of the alleged accident, Petitioner was a Local 1 Union

member employed by S&N Builders as a bricklayer and shop steward. The accident allegedly

occurred while Petitioner was installing waterproofing on the roof of the building. While

1

[* 1]

Petitioner was traversing the roof, he allegedly stepped on loose nail debris with his right foot which punctured his boot. It caused him to roll his right ankle and fall. The accident was immediately reported to Petitioner's S&N Builders supervisor, an immediate investigation was performed, and an accident report was prepared by S&N Builders (Exhibit B, NYSCEF Doc. 5). There is no indication in the record that this report was submitted to NYCHA at any time.

Petitioner alleges that Respondent, as owner and operator of the subject property, violated New York Labor Laws §§ 200, 240(1) and 241(6). Petitioner also alleges Respondent violated New York State Industrial Code, including, but not limited to, § 23-1 (*Petitioner's Affirmation in Support*, NYSCEF Doc. 3).

According to Petitioner's affirmation, immediately following the accident, Petitioner went from the scene of the accident to Woodhull Hospital, where he complained of right ankle and right foot pain. Petitioner was examined by the emergency room physicians, and a CAT scan was conducted. It is noted that in the papers before the Court, there is a discrepancy as to what Petitioner's diagnosis was upon his release from the hospital. In his Petition, Mr. Ortiz states that he was told that he had sprains and strains (Petition, NYSCEF Doc. 1). In contrast, in the affirmation in support filed by Petitioner's attorney, it states, "Petitioner was not told that he had sprains and strains." (*Petitioner's Affirmation in Support*, NYSCEF Doc. 3).

Following the accident, Petitioner returned to work on light duty. As time passed, the pain in Petitioner's right ankle continued to increase and he consulted Dr. Kyong Kim in May of 2024. Dr. Kim examined him and performed an MRI of his right foot. The MRI revealed that Petitioner had a right ankle fracture. Petitioner testified that he has been unable to work since May of 2024 (*Petition*, NYSCEF Doc. 1).

2

Petitioner alleges that the reason a timely Notice of Claim was not filed against the Respondent is because in relying on Woodhull Hospital's diagnosis, Petitioner thought the ankle was sprained and strained. It was not until May 2024 that Petitioner was diagnosed with a right ankle fracture, well after the 90-day requirement to file a Notice of Claim (Petition, NYSCEF Doc. 1).

**General Municipal Law § 50–e(5)**

The General Municipal Law allows for the exercise of considerable discretion in determining whether to permit the service of a late notice of claim. In exercising its discretion, the court is to consider 3 prongs: (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality's maintaining its defense on the merits (*see* General Municipal Law § 50–e[5]; *Alvarenga v. Finlay*, 225 A.D.2d 617, 617, 639 N.Y.S.2d 115, 116 [1996]).

With regard to the first prong of General Municipal Law § 50–e(5), Petitioner's reasonable excuse for filing a late Notice of Claim is that he was not aware that his right ankle was fractured until May 2024, and thus did not retain counsel until 7 months after his accident.

As to the second prong, while no one factor is determinative (*see J.B. v. Singh*, 172 A.D.3d 1291, 99 N.Y.S.3d 673; *Matter of Lawhorne v. City of New York*, 133 A.D.3d 856, 20 N.Y.S.3d 155), the question of whether actual knowledge was timely acquired is considered to be the most important factor (*Catania v. City of New York*, 188 A.D.3d 1041, 1042, 134 N.Y.S.3d 421, 422 [2020]). With regard to the second prong, Petitioner fails to make any argument with regard to NYCHA's actual notice of the essential facts of the claim. In *Bhargava v. City of New*

3

[* 3]

*York,* "the petitioner also failed to demonstrate that the respondent, the City of New York, obtained timely, actual knowledge of the essential facts constituting the claim. The incident report prepared by the City's Department of Parks and Recreation on the day of the accident did not provide the City with actual notice of the essential facts constituting the petitioner's claim that the City was negligent in allowing the boardwalk upon which the petitioner allegedly fell and sustained injuries to be operated, managed, controlled, and maintained in a dangerous and hazardous condition" (*Bhargava v. City of New York,* 130 A.D.3d 819, 820, 13 N.Y.S.3d 552, 553 [2015]). Similarly, in *Kuterman v. City of New York,* although the petitioner contended that the City acquired actual knowledge of the subject incident by virtue of a police accident report made by a police officer at the scene of the accident, the Court held that the City of New York did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claim.

The papers before the Court provide no evidence that the accident was reported to NYCHA so as to provide actual knowledge of the essential facts constituting the claim within the statutory period or a reasonable time thereafter. Further, for a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation (*Kuterman v. City of New York,* 121 A.D.3d 646, 647, 993 N.Y.S.2d 361, 363 [2014]). The Court finds that it could not be deduced that a potentially actionable wrong had been committed by NYCHA upon review of the accident report. Thus, the second prong of the relevant General Municipal Law is not satisfied, as Petitioner did not establish that they provided Respondent with actual notice of the essential facts of their claim.

With regard to the third prong, there is a shifting burden of proof in demonstrating that late service of a notice of claim substantially prejudices a municipality or public corporation. "A

4

petitioner has the initial burden of showing that the late notice will not substantially prejudice the municipality or public corporation...Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice. Once this initial showing has been made, the municipality or public corporation must respond "with a particularized evidentiary showing" that it will be substantially prejudiced if the late notice is allowed" (*N. F. v. City of New York*, 161 A.D.3d 1046, 1048, 77 N.Y.S.3d 712, 715 [2018]).

In *Shumway*, while the court, in weighing all of the appropriate factors, providently exercised its discretion in denying the petition in its entirety, the court nonetheless found that the petitioner presented a plausible argument that late notice would not substantially prejudice the respondent because alleged icy conditions were highly transitory, such that respondent would have been in the same position regarding any investigation even if the notice of claim had been timely served (*See Shumway v. Town of Hempstead*, 187 A.D.3d 758, 759, 133 N.Y.S.3d 25, 27 [2020]).

Similarly in the instant action, petitioner contends that the loose nail debris on the roof was a transitory condition, such that even if the Respondent had been served with a timely Notice of Claim, they would not have had an opportunity to investigate the condition that caused Petitioner's accident. Therefore, their contention is that the delay would not substantially prejudice the municipality in maintaining its defense on the merits. (*Plaintiff's Affirmation in Support*, NYSCEF Doc. 3). The Court finds that petitioner has not presented a plausible argument that would support a finding of no substantial prejudice. Thus, the burden of proof has not shifted to respondent to demonstrate that they have been substantially prejudiced.

5

[* 5]

Nonetheless, the Court would note that in response, NYCHA argues that it has been prejudiced by the late notice because given timely notice of an accident, NYCHA could have attempted to obtain documents, interview potential witnesses, and might have been able to determine whether the plaintiff in fact fell at the alleged time and place (*Affirmation in Opposition*, NYSCEF Doc. 13).

Similarly, in *Fernandez*, the court found that the delay in serving the notice of claim prejudiced the respondent, as it was prevented from conducting an investigation in which it could have examined the conditions and circumstances of the alleged incident within 90 days after the alleged incident or within a reasonable time thereafter, and could have interviewed witnesses while their memories were still fresh (*See Fernandez v. City of New York*, 131 A.D.3d 532, 533, 15 N.Y.S.3d 166, 168 [2015]). Thus, this Court finds that NYCHA provided a particularized evidentiary showing of substantial prejudice.

As Petitioner failed to satisfy all three prongs of General Municipal Law § 50–e(5), the motion for leave to serve and file a Late Notice of Claim against Respondent is DENIED. This hereby constitutes the Decision and Order of the Court.

DATED: 12/3/24

E N T E R:

KW

HON. KERRY J. WARD, A.J.S.C.

Hon. Kerry J. Ward, A.J.S.C.

6

[* 6]