Matter of Esquilin v City of New York (2025 NY Slip Op 01631)

Matter of Esquilin v City of New York

2025 NY Slip Op 01631

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-08592
 (Index No. 501805/20)

[*1]In the Matter of Vivian Esquilin, appellant,
v
City of New York, et al., respondents.

Emanuel Law Firm, Brooklyn, NY (Stephanie E. Emanuel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Jeremy Pepper of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated February 14, 2022. The order denied the petition.
ORDERED that the order is affirmed, with costs.
On September 6, 2019, the petitioner allegedly was injured while working as a paraprofessional at a school. In January 2020, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The Supreme Court denied the petition. The petitioner appeals.
A party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "'In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits'" (Matter of Brown v City of New York, 202 AD3d 783, 783 [internal quotation marks omitted], quoting Matter of Reddick v New York City Hous. Auth., 188 AD3d 890, 890; see General Municipal Law § 50-e[5]). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Mohamed v New York City, 139 AD3d 858, 858, quoting Matter of Placido v County of Orange, 112 AD3d 722, 723).
The petitioner failed to demonstrate that the respondents obtained timely actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Parker v City of New York, 206 AD3d 936, 938). Contrary to the petitioner's contentions, the various reports submitted in support of the petition, which were generated shortly after the incident, did not demonstrate that the respondents obtained timely actual knowledge of the essential facts constituting the claim (see Matter of D'Agostino v City of New York, [*2]146 AD3d 880, 881). In the proposed notice of claim, the petitioner stated that she "was caused to trip and fall due to a defective condition of a slippery/waxy floor surface which had a dent." However, none of the incident reports mentioned anything about a "dent" or a "waxy" surface. Although a Comprehensive Injury Report indicated that the "Causal Agent" was "Floor-Slippery/Wet," it made no mention of a "slippery/waxy" surface or a "dent" in the floor. Moreover, that report indicated that the "Causal Person" was the petitioner herself, which undermines any argument that the City had notice of "a potentially actionable wrong [that] had been committed by the public corporation" (Matter of C.N. v City of New York, 208 AD3d 784, 786 [internal quotation marks omitted]). "In addition, the mere alleged existence of . . . other records, without evidence of their content, is insufficient to impute actual knowledge to the respondents" (Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000).
Further, the petitioner failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim. Although the petitioner claims that she did not appreciate the nature and severity of her injuries until after the 90-day window to serve the notice of claim, she failed to proffer any supporting medical evidence explaining why the severity of her alleged injuries was not apparent within the 90-day period (see Matter of Fernandez v City of New York, 131 AD3d 532; Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 858). The petitioner also failed to meet her burden of demonstrating that the respondents would not be substantially prejudiced (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Moroz v City of New York, 165 AD3d 799, 800).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court